UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RAMON A. CASTELLANOS, *and all others similarly situated under 29 U.S.C. 216(b)*, )
)
)
Plaintiffs, )
vs. )
)
SANTA ROSA INSULATION & FIREPROOFING, LLC, RAFAEL PUIG, RAUL PUIG, )
)
)
Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

**COMES NOW** Plaintiff, RAMON A. CASTELLANOS, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, and files this Complaint against Defendants, SANTA ROSA INSULATION & FIREPROOFING, LLC, RAFAEL PUIG, and RAUL PUIG, and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant SANTA ROSA INSULATION & FIREPROOFING, LLC is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant RAFAEL PUIG is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the

Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Individual Defendant RAFAEL PUIG was so involved in the managerial and financial affairs of Defendant Corporation that, to the extent that he would be liable under the FLSA for any violations of wage law committed by Defendant Corporation, even if the Individual Defendant was not found to be the employer of Plaintiff.

6. The individual Defendant RAUL PUIG is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. Individual Defendant RAUL PUIG was so involved in the managerial and financial affairs of Defendant Corporation that, to the extent that he would be liable under the FLSA for any violations of wage law committed by Defendant Corporation, even if the Individual Defendant was not found to be the employer of Plaintiff.

8. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

9. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendant has employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff worked for Defendants as a warehouseman from on or about September 5, 2013 through on or about April 1, 2015.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013 and 2014.

16. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

17. Between the period of on or about September 5, 2013 through on or about April 1, 2015, Plaintiff worked an average of 75 hours per week for Defendants and was paid an average of $6.00 per hour, but was never paid the overtime rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate based upon the applicable minimum wage rate for each hour worked above 40 in a week.

18. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the total period of Plaintiff's employment.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**COUNT II. FEDERAL MINIMUM WAGE VIOLATION**

**COMES NOW**, Plaintiff, by and through undersigned counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-18 above and further states:

19. Pursuant to 29 U.S.C. § 206(a)(1), an employer must pay a minimum wage of $5.15 per hour to an employee who is engaged in commerce. On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

20. Between the period of on or about September 5, 2013 through on or about April 1, 2015, Plaintiff worked an average of 75 hours per week for Defendants and was paid an average of $6.00 per hour for said work in violation of the Fair Labor Standards Act, as said payment of $6.00 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between his average hourly rate of $6.00 per hour and the applicable minimum wage rate of $7.25 per hour for all hours worked during the period specified above.

21. The Defendants' wage payment practices to Plaintiff for this time period did not meet the Federal Minimum Wage law requirements, as Plaintiff was not paid the required Federal Minimum Wage for all hours worked, and is therefore claiming Federal Minimum Wage violations.

22. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages for the above-specified period as required by the Fair Labor Standards Act, as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since

the commencement of Plaintiff's employment with Defendants for the entire period of employment specified above.

**WHEREFORE**, Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial, for all minimum wages still owing from Plaintiff's above-specified period of employment with Defendants, or as much as allowed by the Fair Labor Standards Act—whichever is greater—along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

    Respectfully Submitted,

    J.H. Zidell, Esq.
    J.H. Zidell, P.A.
    *Attorney For Plaintiff*
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    Email: ZABOGADO@AOL.COM

    By: /s/ J.H. Zidell
       J.H. Zidell, Esq.
       Florida Bar Number: 0010121